**ROBERTS & ELLIOTT LLP**
JAMES ROBERTS, SBN 98804
SHARMI SHAH SBN 233110
Ten Almaden Boulevard
Suite 500
San Jose, CA   95113
Telephone:   (408) 275-9800
Fax:             (408) 287-3782
e-mail:
Jroberts@robertselliott.com
sshah@robertselliott.com

Attorneys for Claimant
Maria Reyna

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | No. CV 08 2968 WHA |
| v. | **ANSWER TO COMPLAINT FOR FORFEITURE BY** |
| APPROXIMATELY $23,729 IN UNITED STATES CURRENCY, | **CLAIMANT MARIA REYNA** |
| Defendant, | DEMAND FOR JURY TRIAL |
| In re, | |
| Claim of Maria Reyna | |

Claimant Maria Reyna answers the Complaint for forfeiture as follows:

1.  Answering paragraph One of the Complaint for Forfeiture, Claimant does not dispute the jurisdiction of the Court without admitting this proceeding was properly instituted or maintained, nor that the Plaintiff may properly proceed.

2.  Answering paragraph Two of the Complaint for Forfeiture, Claimant lacks information or belief sufficient to answer the allegations in said paragraph, and basing her denial on this ground, denies each and every allegation thereof.

3.   Answering paragraph Three of the Complaint for Forfeiture, Claimant does not dispute the venue of the court without admitting this proceeding was properly instituted or maintained, nor that the Plaintiff may properly proceed.

4.   Answering paragraph Four of the Complaint for Forfeiture, Claimant admits each and every allegation of said paragraph.

5.   Answering paragraph Five of the Complaint for Forfeiture, Claimant does not dispute the allegations of this paragraph.  This responding Claimant affirmatively alleges that this responding Claimant is the owner of and entitled to possession of the subject property, and each part thereof, to the exclusion of all others including Plaintiff.

6.   Answering paragraph Six of the Complaint for Forfeiture, Claimant incorporates the responses, admissions, denials and affirmative allegations of paragraphs One through Five.

7.   Answering paragraph Seven of the Complaint for Forfeiture, Claimant lacks information or belief sufficient to answer the allegations in said paragraph, and basing her denial on this ground, denies each and every allegation thereof.

8.   Answering paragraph Eight of the Complaint for Forfeiture, Claimant lacks information or belief sufficient to answer the allegations in said paragraph, and basing her denial on this ground, denies each and every allegation thereof.

9.   Answering paragraph Nine of the Complaint for Forfeiture, Claimant lacks information or belief sufficient to answer the allegations in said paragraph, and basing her denial on this ground, denies each and every allegation thereof.

10.   Answering paragraph Ten of the Complaint for Forfeiture, Claimant lacks information or belief sufficient to answer the allegations in said paragraph, and basing her denial on this ground, denies each and every allegation thereof.

11.   Answering paragraph Eleven of the Complaint for Forfeiture, Claimant lacks information or belief sufficient to answer the allegations in said paragraph, and basing her denial on this ground, denies each and every allegation thereof.

12.   Answering paragraph Twelve of the Complaint for Forfeiture, Claimant lacks

1 information or belief sufficient to answer the allegations in said paragraph, and basing her
2 denial on this ground, denies each and every allegation thereof.
3     13.    Answering paragraph Thirteen of the Complaint for Forfeiture, Claimant lacks
4 information or belief sufficient to answer the allegations in said paragraph, and basing her
5 denial on this ground, denies each and every allegation thereof.
6     14.    Answering paragraph Fourteen of the Complaint for Forfeiture, Claimant
7 lacks information or belief sufficient to answer the allegations in said paragraph, and
8 basing her denial on this ground, denies each and every allegation thereof.
9     15.    Answering paragraph Fifteen of the Complaint for Forfeiture, Claimant lacks
10 information or belief sufficient to answer the allegations in said paragraph, and basing her
11 denial on this ground, denies each and every allegation thereof.
12     16.    Answering paragraph Sixteen of the Complaint for Forfeiture, Claimant lacks
13 information or belief sufficient to answer the allegations in said paragraph, and basing her
14 denial on this ground, denies each and every allegation thereof.
15     17.    Answering paragraph Seventeen of the Complaint for Forfeiture, Claimant
16 lacks information or belief sufficient to answer the allegations in said paragraph, and
17 basing her denial on this ground, denies each and every allegation thereof.
18     18.    Answering paragraph Eighteen of the Complaint for Forfeiture, Claimant lacks
19 information or belief sufficient to answer the allegations in said paragraph, and basing her
20 denial on this ground, denies each and every allegation thereof.
21     19.    Answering paragraph Nineteen of the Complaint for Forfeiture, Claimant
22 lacks information or belief sufficient to answer the allegations in said paragraph, and
23 basing her denial on this ground, denies each and every allegation thereof.
24     20.    Answering paragraph Twenty of the Complaint for Forfeiture, Claimant lacks
25 information or belief sufficient to answer the allegations in said paragraph, and basing her
26 denial on this ground, denies each and every allegation thereof.
27     21.    Answering paragraph Twenty-One of the Complaint for Forfeiture, Claimant
28 lacks information or belief sufficient to answer the allegations in said paragraph, and

1 basing her denial on this ground, denies each and every allegation thereof.

2     22.    Answering paragraph Twenty-Two of the Complaint for Forfeiture, Claimant
3 lacks information or belief sufficient to answer the allegations in said paragraph, and
4 basing her denial on this ground, denies each and every allegation thereof.

5     23.    Answering paragraph Twenty-Three of the Complaint for Forfeiture, Claimant
6 lacks information or belief sufficient to answer the allegations in said paragraph, and
7 basing her denial on this ground, denies each and every allegation thereof.

8     24.    Answering paragraph Twenty-Four of the Complaint for Forfeiture, Claimant
9 lacks information or belief sufficient to answer the allegations in said paragraph, and
10 basing its denial on this ground, denies each and every allegation thereof.

11     25.    Answering paragraph Twenty-Five of the Complaint for Forfeiture, Claimant
12 lacks information or belief sufficient to answer the allegations in said paragraph, and
13 basing her denial on this ground, denies each and every allegation thereof.

14     26.    Answering paragraph Twenty-Six of the Complaint for Forfeiture, Claimant
15 lacks information or belief sufficient to answer the allegations in said paragraph, and
16 basing her denial on this ground, denies each and every allegation thereof.

17     27.    Answering paragraph Twenty-Seven of the Complaint for Forfeiture, Claimant
18 lacks information or belief sufficient to answer the allegations in said paragraph, and
19 basing her denial on this ground, denies each and every allegation thereof.

20     28.    Answering paragraph Twenty-Eight of the Complaint for Forfeiture, Claimant
21 does not dispute the allegations of this paragraph without admitting that the warrant was
22 properly issued or upon probable cause or that the warrant was properly served.

23     29.    Answering paragraph Twenty-Nine of the Complaint for Forfeiture, Claimant
24 lacks information or belief sufficient to answer the allegations in said paragraph, and
25 basing her denial on this ground, denies each and every allegation thereof except that
26 Claimant admits that Antonio Contreras used the 620 Hamilton address to receive mail,
27 came and went from the house and did yard work there.

28     30.    Answering paragraph Thirty of the Complaint for Forfeiture, Claimant does

not dispute the allegations in said paragraph. This responding Claimant affirmatively alleges that this responding Claimant is the owner of and entitled to possession of the subject property, and each part thereof, to the exclusion of all others including the Plaintiff.

31. Answering paragraph Thirty-One of the Complaint for Forfeiture, Claimant does not dispute the allegations in said paragraph. This responding Claimant affirmatively alleges that this responding Claimant is the owner of and entitled to possession of the subject property, and each part thereof, to the exclusion of all others including the Plaintiff.

32. Answering paragraph Thirty-Two of the Complaint for Forfeiture, Claimant does not dispute the allegations in said paragraph.

33. Answering paragraph Thirty-Three of the Complaint for Forfeiture, Claimant does not dispute the allegations in said paragraph.

34. Answering paragraph Thirty-Four of the Complaint for Forfeiture, Claimant does not dispute the allegations in said paragraph.

35. Answering paragraph Thirty-Five of the Complaint for Forfeiture, Claimant does not dispute the allegations in said paragraph.

36. Answering paragraph Thirty-Six of the Complaint for Forfeiture, Claimant does not dispute the allegations in said paragraph.

37. Answering paragraph Thirty-Seven of the Complaint for Forfeiture, Claimant lacks information or belief sufficient to answer the allegations in said paragraph, and basing her denial on this ground, denies each and every allegation.

38. Answering paragraph Thirty-Eight of the Complaint for Forfeiture, Claimant lacks information or belief sufficient to answer the allegations in said paragraph, and basing her denial on this ground, denies each and every allegation.

39. Answering paragraph Thirty-Nine of the Complaint for Forfeiture, Claimant lacks information or belief sufficient to answer the allegations in said paragraph, and basing her denial on this ground, denies each and every allegation.

40. Answering paragraph Forty of the Complaint for Forfeiture, Claimant does not dispute the allegations in said paragraph.

1    41.    Answering paragraph Forty-One of the Complaint for Forfeiture, Claimant
2 does not dispute the allegations in said paragraph.
3    42.    Answering paragraph Forty-Two of the Complaint for Forfeiture, Claimant
4 does not dispute the allegations in said paragraph.
5    43.    Answering paragraph Forty-Three of the Complaint for Forfeiture, Claimant
6    44.    Answering paragraph Forty-Four of the Complaint for Forfeiture, Claimant
7 incorporates the responses, admissions, denials and affirmative allegations of paragraphs
8 One through forty-three.
9    45.    Answering paragraph Forty-Five of the Complaint for Forfeiture, Claimant
10 admits that the property was seized and there exists applicable law governing such
11 seizures as may be decided by a court of law but denies each and every allegation
12 contained in said paragraph. This responding Claimant denies that the Defendant property
13 or any portion thereof is properly the subject of forfeiture.
14    46.    Answering paragraph Forty-Six of the Complaint for Forfeiture, Claimant
15 admits that the property was seized but Claimant denies each and every allegation
16 contained in said paragraph. This responding Claimant denies that the Defendant property
17 or any portion thereof is properly the subject of forfeiture.  This responding Claimant
18 affirmatively alleges that this responding Claimant is the owner of and entitled to
19 possession of the subject property, and each part thereof, to the exclusion of all others
20 including the Plaintiff.

## AFFIRMATIVE DEFENSES

22 Sometimes upon information and belief, this answering Claimant alleges as to each
23 item and/or money(s) seized:
24 AS A FIRST AFFIRMATIVE DEFENSE, this responding claimant alleges:
25 The Complaint, and the and each purported count therein fails to state a claim or
26 cause of action.
27 AS A SECOND AFFIRMATIVE DEFENSE, this responding claimant alleges:
28 The notice of forfeiture failed to sufficiently set forth the applicable law under which

the property was seized and/or a statement of the acts, omissions or circumstances of the seizure, to sufficiently to enable an owner or interested party to determine the basis of the seizure and/or forfeiture, or to identify the date, place and use or acquisition which makes the property subject to forfeiture.

AS A THIRD DEFENSE, this responding claimant alleges:

The procedure and processes under which these forfeiture proceedings are commenced, prosecuted and defended against, violate claimants right of due process upon grounds, including but not limited to: the seizing agency and/or prosecution counsel impermissibly shares in the proceeds of forfeiture sought the responding claimant has inadequate notice and opportunity to respond to the notice; the process is fundamentally unfair.

AS A FOURTH DEFENSE, this responding claimant alleges:

The property/money(s) at issue was seized and/or held without due process and/or without probable cause.

AS A FIFTH DEFENSE, this responding claimant alleges:

The claims and/or causes of action asserted by the People, and each such claim and/or cause of action, is barred by the doctrine of laches in that, among other things, the Agency has inexcusably and unreasonably delayed the commencement of the proceeding, to the prejudice of claimant, e.g., the Agency significantly delayed bringing this proceeding until the transactions complained of have become obscured by time, and evidence has been lost.

AS A SIXTH DEFENSE, this responding claimant alleges:

Claimants right of privacy, and to be secure from unreasonable search and seizure has been violated.

AS A SEVENTH DEFENSE, this responding claimant alleges:

The claims and/or causes of action asserted by the People, and each such claim and/or cause of action, is barred in that the forfeiture sought, in whole or in part, violates the Eighth Amendment's Excessive Fines Clause.

1    AS AN EIGHTH DEFENSE, this responding claimant alleges:

2    The proceeding is barred by reason of res judicata. collateral estoppel, former
3    judgment of conviction or acquittal of the matter charged, and/or Claimant having been
4    once in jeopardy, including by reason conduct of the People in an underlying or related
5    criminal action.

6    AS A NINTH DEFENSE, this responding claimant alleges:

7    The Agency has not met the preconditions for this action and/or claims asserted in
8    this proceeding, including but not limited to adequate notice to third parties, and this
9    Claimant.

10    AS A TENTH DEFENSE, this responding claimant alleges:

11    This responding Claimant has an interest in and entitled to possession of the subject
12    property, and each part thereof, to the exclusion of all others.

13    AS AN ELEVENTH DEFENSE AS A TENTH DEFENSE this responding claimant
14    alleges:

15    The Claimant is an innocent owner of the res seized and the acts or omissions
16    asserted as the basis of forfeiture were committed without the knowledge of Claimant.

17    AS A TWELFTH DEFENSE this responding claimant alleges:

18    The arrest and investigation of the res seized violated Claimants' fourth amendment
19    rights under the United States Constitution because the search and seizure were not based
20    upon probable cause.

21    AS A THIRTEENTH DEFENSE this responding claimant alleges:

22    The forfeiture statute in this case and the implementing code of federal regulations
23    are void and unenforceable and violative of the Due Process Clause of the Fifth
24    Amendment to the United States Constitution, for the following reasons:

25    (a) The forfeiture statutes provide for the restraint of property without due process
26    because it provides for a seizure without prior notice, hearing or authorizing by a judicial
27    officer;

28    (b) The forfeiture statutes provide for the forfeiture of property from parties who are

completely innocent of any criminal wrongdoing. These sections penalize ownership of the Defendant property regardless of the existence or nonexistence of any criminal intent.

AS A FOURTEENTH DEFENSE this responding claimant alleges:

Forfeiture of the res seized would violate Claimants' rights under the 18 U.S.C. §983(g).

AS A FIFTEENTH AFFIRMATIVE DEFENSE, this responding claimant alleges:

The procedure and processes under which these forfeiture proceedings are commenced, prosecuted and defended against, violate claimants right of due process upon grounds, including but not limited to: the seizing agency and/or prosecution counsel impermissibly shares in the proceeds of forfeiture sought the responding claimant has inadequate notice and opportunity to respond to the Complaint; the process is fundamentally unfair.

AS A SIXTEENTH AFFIRMATIVE DEFENSE, this responding claimant alleges:

The Complaint and each and every alleged cause of action therein, and each and every claim of the People are barred by the applicable statute or statutes of limitation.

AS A SEVENTEENTH AFFIRMATIVE DEFENSE, this responding claimant alleges:

The claims and/or causes of action asserted by The People, and each such claim and/or cause of action, is barred by the doctrine of estoppel and/or unclean hands.

AS AN EIGHTEENTH AFFIRMATIVE DEFENSE, this responding claimant alleges:

This responding Claimant is the owner of and entitled to possession of the subject property, and each part thereof, to the exclusion of all others.

AS A NINETEENTH AFFIRMATIVE DEFENSE, this responding claimant alleges:

The Plaintiff has improperly split claims

## PRAYER

WHEREFORE, Claimant prays for judgment as follows:

1. That the Plaintiff takes nothing by their Complaint, and Claimant be awarded judgment in this action as against Plaintiff and all others;

2. The seized property/money be released to the Claimant;

3. The Plaintiffs pay damages and/or interest to Claimant;

4. The Plaintiff pay Costs to Claimant;

5. The Plaintiff pay Interest as allowable by law to Claimant;

6. The Plaintiff pay Reasonable attorneys' fees as allowable by law to Claimant;

7. Such other relief as may be just and proper.

ROBERTS & ELLIOTT LLP

DATED: July 7, 2008        By:    */s/ James Roberts*
                                   JAMES ROBERTS, Esq.
                                   Attorneys for Claimant Maria Reyna

## DEMAND FOR JURY TRIAL

Claimant hereby demands a jury trial.

ROBERTS & ELLIOTT LLP

DATED: July 7, 2008        By:    */s/ James Roberts*
                                   JAMES ROBERTS, Esq.
                                   Attorneys for Claimant Maria Reyna